[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12937
Non-Argument Calendar
_____

Agency No. A093-075-861

MARINA OLIVEIRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 17, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Marina Oliveira petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion styled as a motion to reopen, after the BIA's dismissal of her appeal of the Immigration Judge's ("IJ") denial of her application for cancellation of removal.  On appeal, Oliveira argues that the BIA minimized and overlooked her arguments as to her children's exceptional and extremely unusual hardship, as well as the violations of her due process rights in the removal proceedings.  The government asserts we lack jurisdiction over Oliveira's claims.

We review *de novo* our subject matter jurisdiction.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  We review for an abuse of discretion the BIA's denial of a motion to reconsider and the denial of a motion to reopen.  *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009) (involving a motion to reopen); *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (involving a motion to reconsider).  This review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner."  *Jiang*, 568 F.3d at 1256.

We lack jurisdiction over a party who is not named in either the caption or the body of the petition.  Fed. R. App. P. 15(a)(2)(A).  Further, "using such terms as 'et al.,' 'petitioners,' or 'respondents' does not effectively name the parties."  *Id*.; *see* 1993 Advisory Comm. Note, Fed. R. App. P 15(a) ("Rule 15(a) does not allow th[e] flexibility [provided in Rule 3(c)]; each petitioner must be named.  A

petition for review of an agency decision is the first filing in any court and, therefore, is analogous to a complaint in which all parties must be named.").

Additionally, we lack jurisdiction to review the BIA's denial of a motion to reopen based on the BIA's *sua sponte* authority because 8 C.F.R. § 1003.2(a), the regulation allowing BIA discretion over motions to reopen, provides no meaningful standard against which we could judge the BIA's exercise of that discretion. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008). Moreover, we lack jurisdiction over a petition for review that is not filed within 30 days of the final order of removal. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2004). This deadline is not tolled by the filing of a motion to reopen or reconsider. *Stone v. INS*, 514 U.S. 386, 395, 115 S. Ct. 1537, 1544, 131 L. Ed. 2d 465 (1995) (motions to reconsider); *Dakane*, 399 F.3d at 1272 n.3 (motions to reopen).

Generally, only 1 motion to reconsider a removal order is allowed, and that motion must be filed within 30 days of the entry of the removal order. INA § 240(c)(6)(A)-(B), 8 U.S.C. § 1229a(c)(6)(A)-(B). Moreover, merely reiterating arguments previously made to the BIA does not "specify" errors of fact or law as required for a successful motion to reconsider. *Calle*, 504 F.3d at 1329 (citing 8 C.F.R. § 1003.2(b)(1)).

Generally, only 1 motion to reopen is allowed, and that motion must be filed within 90 days of the date of entry of a final administrative order of removal in the proceeding sought to be reopened.  INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  However, the 90-day time limitation does not apply to a motion to reopen if (a) the motion was filed regarding an order entered *in absentia* in a removal proceeding, which are instead subject to different timeliness rules; (b) the motion to reopen is for the purpose of reapplying for asylum or withholding of removal based on changed circumstances arising in the country of nationality or in the country to which removal has been ordered; (c) the motion to reopen is agreed upon by all parties and jointly filed; or (d) the motion to reopen was filed by the DHS "when the basis of the motion is fraud in the original proceeding or a crime that would support termination of asylum."  8 C.F.R. § 1003.2(c)(3)(i)-(iv).

Preliminarily, to the extent Oliveira attempts to petition for review on behalf of herself and her husband, Da Silva, we lack jurisdiction over Da Silva, because he is not a properly named party in the petition for review.  The petition lists Oliveira "et al." as parties, but such "et al." language is insufficient to name a party in a petition for review of an agency decision.  Fed. R. App. P. 15(a)(2)(A).  Thus, Oliveira is the only properly named party in the petition for review.

4

Substantively, construing Oliveira's second motion as a motion to reopen, such motion was time-barred.  A motion to reopen must be filed within 90 days of the final order.  INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  Here, Oliveira filed the "motion to reopen" on April 26, 2015, 19 months after the BIA's final order on September 17, 2013.  None of the exceptions to the 90-day time limit are applicable.  *See* 8 C.F.R. § 1003.2(c)(3).  Thus, the BIA did not abuse its discretion in denying the motion to reopen as time-barred.

Additionally, construing the motion as a motion to reconsider, such a motion was both time-barred and number-barred.  An individual may file one motion to reconsider, and such motion must be filed within 30 days of the final order.  INA § 240(c)(6)(A)-(B), 8 U.S.C. § 1229a(c)(6)(A)-(B).  Oliveira previously filed a timely motion to reconsider, on October 15, 2013.  Thus, Oliveira was prohibited from filing a second motion to reconsider the same BIA order.  Furthermore, the April 26, 2015, motion was well beyond the 30-day limit for motions to reconsider.  Thus, the BIA did not abuse its discretion in denying Oliveira's motion as time-barred and number-barred.

To the extent that Oliveira seeks review of the BIA's failure to *sua sponte* reopen her case, we lack jurisdiction.  We may not review such decisions of the BIA, because there is no meaningful standard against which we can measure the BIA's discretionary decision.  *See Lenis*, 525 F.3d at 1293-94.

5

Finally, to the extent that Oliveira seeks review of the BIA's underlying decision, affirming the denial of cancellation of removal, we lack jurisdiction because Oliveira did not file a timely petition for review from that decision. Oliveira never directly petitioned for review of the BIA's September 17, 2013, order. Thus, Oliveira has failed to file a petition for review of the BIA's September 2013 order within 30 days. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1), *Dakane*, 399 F.3d at 1272 n.3. The filing of a motion to reconsider did not toll the 30-day time limit. *See Stone,* 514 U.S. at 395, 115 S. Ct. at 1544; *Dakane*, 399 F.3d at 1272 n.3. Therefore, we lack jurisdiction to hear any challenge to the underlying BIA order, denying Oliveira's petition for cancellation of removal. Accordingly, we deny Oliveira's petition in part, and dismiss the petition in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**